UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ELGAN YOUNGE,

                     Petitioner,

              - against -

UNITED STATES OF AMERICA,

                     Respondent.

10 CV 3914 (ARR)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION AND ORDER

----------------------------------------------------------------X

ROSS, United States District Judge:

By pro se petition dated August 11, 2010, Elgan Younge seeks to vacate his jury conviction on May 12, 2005 on both counts of a two count indictment charging conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963, and conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. On April 11, 2006, Younge was sentenced principally to concurrent terms of 210 months' imprisonment on the two counts. On March 23, 2009, the Second Circuit Court of Appeals affirmed the conviction and the Supreme Court subsequently denied Younge's petition for certiorari. Because the evidence adduced at Younge's trial and the substance of the post-trial proceedings have been fairly and accurately summarized in the government's brief on this petition, see Memorandum in Opposition to Petition pursuant to 28 U.S.C. § 2255, pp. 1-12, I need not repeat them here.

1

Younge's habeas petition under 28 U.S.C. § 2255 advances three claims of ineffective assistance of counsel, two directed to his trial counsel and a third directed to his appellate counsel. He asserts that trial counsel was ineffective in failing to request a suppression hearing with respect to evidence admitted at trial under Rule 404(b), Fed. R. Evid., and in failing to challenge the delayed disclosure of documents provided under 18 U.S.C. § 3500. His claim of ineffective assistance of appellate counsel attacks counsel's asserted failure on appeal to challenge my sentencing determination that Younge's role in the offense warranted a four level enhancement for organizer or leader under United States Sentencing Guideline § 3B1.1(a). As each claim of ineffective assistance of counsel is patently meritless, the petition is denied.

## DISCUSSION

I. <u>Trial Counsel Was Not Ineffective in Choosing to Forego a Pre-trial Suppression Hearing Concerning the Lawfulness of the Seizure of Documentary Evidence Admitted at Trial Under Rule 404(b)</u>

The major cocaine importation charged against Younge involved the shipment via Universal Airlines from Guyana of approximately 180 kilograms of cocaine concealed within a pallet of frozen fish to be delivered to a restaurant in Brooklyn, New York. The shipment was seized by Drug Enforcement Administration agents at John F. Kennedy Airport on September 20, 2003. Over strenuous objection by Younge's trial counsel, the court admitted evidence of Younge's involvement in prior drug shipments, in mid-2003, also using pallets of frozen fish directed to a Brooklyn restaurant, as demonstrating <u>modus</u> <u>operandi</u> under Rule 404(b), Fed. R. Evid., and as background evidence of the conspiracy charged. On appeal, the Circuit squarely upheld the admission of this evidence of prior shipments on pallets of fish, concluding that it was not an abuse of discretion.

In the instant petition, Younge challenges trial counsel's performance for failing to seek to exclude, as the product of an illegal search, several documents that were part of that Rule 404(b) evidence. More specifically, the trial evidence concerning the prior fish pallet shipments included four documents – two airway bills, a customs carrier certificate, and an invoice – all relating to two shipments, on June 28, 2003 and July 24, 2003, of frozen fish from Guyana to "Gladstone Riley, c/o Riley Eatery" in Brooklyn, the same consignee and location to which the seized September 20, 2003 shipment of 180 kilograms of cocaine secreted in a pallet of frozen fish was consigned. These documents had been located by Drug Enforcement Administration ("DEA") agents on top of a wardrobe in Younge's one bedroom apartment at the time of his arrest on November 25, 2003.

The short answer to Younge's complaint regarding the propriety of that seizure is that overwhelming evidence establishes, and no evidence impugns, the seizure's legality, rendering trial counsel's choice not to contest the admissibility of these documents in a pre-trial suppression hearing the only reasonable strategy. At trial, DEA Agent Warren Franklyn, who was a member of the customs team that executed the arrest warrant for Young, testified in detail about the verbal and written consent Young gave agents to search his apartment at the time of his arrest there. The written consent was itself admitted into evidence. Nothing in the trial evidence – or any other evidence adduced before or after trial or on this petition – raises any doubt concerning the consensual nature of the search. In light of this record, Younge's claim that trial counsel was ineffective for failing to attack the legality of the seizure of these documents is baseless.

II.  Trial Counsel Did Not Fail to Challenge the Late Disclosure of § 3500 Material, Nor Did Any Delay in Production of Documents in Any Way Prejudice Petitioner

Although petitioner blends his argument regarding the late disclosure of § 3500 material with complaints about evidence admitted under Rule 404(b), the few documents actually not disclosed to the defense until mid-trial had no bearing on the issue of other crimes evidence.

On the afternoon of May 9, 2005, at the close of the first week of trial, Younge's trial counsel, Barry Weinstein, Esq., realized at a sidebar conference that the counsel for another defendant possessed a portion of a page of § 3500 material that was not part of the material given to Weinstein. The substance of that sidebar related to counsel's surprise that DEA Agent Landi, who was then on the witness stand, testified that he had seen Younge and four identified others, including Small, a co-defendant then on trial, on the tarmac awaiting the arrival of the Universal flight. The jury was excused for the weekend and, following further search, the government produced to the defense three documents: (1) a flight planning document for September 20, 2003, the day of the seizure, that identified by name six individuals – none of whom were Younge-- as the ramp agents scheduled to meet and unload the Universal flight; (2) an operation crew schedule, which enumerated individuals assigned to ramp duty during the week of September 20th, (that also did not reference Young); and (3) an apparently previously missing page or pages from a September 26, 2003 Report of Investigation by the DEA case agent relating the statement of Adrian Emanuel, a manager of Evergreen, the company that employed those who were to offload the Universal flight, that government cooperator Barnett had directed an Evergreen employee named Percy Solar to assist at the site where the Universal flight landed. Finally, over the ensuing weekend, the government produced a January 23, 2003 document relating the post

arrest statement of another co-conspirator who was then cooperating, Ian Alleyne, that Alleyne had told the case agent that he had heard that Younge was among those who were to assist in the offloading of a shipment of cocaine from an aircraft that night. By this means, Younge was identified as a suspect in the ongoing investigation at John F. Kennedy Airport some eight months before the Universal seizure.

Far from failing to take action with respect to these mid-trial disclosures, Younge's trial counsel strenuously protested, twice demanding a mistrial. I responded that a mistrial was an available remedy if Young had been prejudiced in a way that could not be fully ameliorated during the trial. Ultimately, both counsel and I were satisfied that the disclosure delays were not prejudicial to Younge because counsel had a full opportunity during the trial to make the maximum use of these disclosures and would not have proceeded any differently in defense strategy had the disclosures been made at an earlier time.

Insofar as trial counsel had not anticipated Agent Landy's identification of Younge as among those present on the tarmac awaiting the arrival of the Universal flight, counsel's questioning of Landy out of presence of the jury prior to conducting his cross-examination of the witness wholly eliminated any prejudice due to delay. In response to counsel's questioning, Landy explained that long prior to his surveillance at the Universal flight, he had been aware of Young as a target of the investigation and was able to identify him because he had viewed Young's photograph on Young's airport identification many months before September 20th. By this means, trial counsel avoided the complained of "minefield" of exploring before the jury Landy's identification of Young, and at the same time satisfied himself that there was no missing § 3500 material concerning Landy's ability to identify Young as being present on the tarmac on

September 20, 2003.

As to the truth of cooperator Barnett's prior trial testimony, Barnett was recalled to the stand and cross-examined by Weinstein regarding every defense argument suggested by the documents that had recently been disclosed. As to a report of duty hours ( the "irregularity report") prepared by Barnett that Weinstein hoped might demonstrate a "lie" in Barnett's prior testimony, further cross-examination demonstrated that Weinstein had misinterpreted the import of the document and it was entirely consistent with the witness's prior testimony. Moreover, prior to the resumption of cross-examination, the prosecutors related to trial counsel the results of their own investigation that demonstrated the lack of inconsistency, fully preparing trial counsel for the likely testimony the witness would give. Weinstein also cross-examined Barnett concerning the document indicating that Percy Solar had been directed to report to the Universal flight. Barnett acknowledged the accuracy of the report, but explained on re-direct examination that Solar had been dispatched to the site not to meet the incoming aircraft, but to clean up the frozen fish after the cocaine had been seized from the pallets. As to Younge's presence, Barnett also reaffirmed that after Younge had completed ramp duty at another airline on September 20th, he was dispatched to the site of the incoming Universal flight.

Finally, with respect to each of the documents produced during trial that the defense sought to admit into evidence, the government stipulated to admissiblilty and the documents were admitted, making them fully available to counsel as the basis for arguments in summation. In sum, there is no basis in the record for Young's argument in this petition that delayed disclosure of documentary evidence in any way prejudiced him, or that counsel was in any way ineffective in his handling of this matter.

III. <u>Appellate Counsel Was Effective in Disputing the Role Enhancement Imposed at Sentence</u>

Young's argument in support of his claim of ineffective assistance of appellate counsel also finds no support in the record. Appellate counsel argued on appeal that the four level role enhancement imposed upon Younge at sentence constituted error, and the Circuit explicitly affirmed the propriety of that enhancement. Younge's further complaint that appellate counsel failed to address the absence of specific factual finding supporting that determination is belied by the record of the sentence, which recited the overwhelming trial evidence that grounded the determination to impose the enhancement. Given that evidence, no argument by appellate counsel could have changed the result.

## CONCLUSION

For the foregoing reasons, the petition is denied in its entirety. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealability will be granted.

SO ORDERED:

Dated: Brooklyn, New York
       March 4, 2011

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

SERVICE LIST:

Petitioner
Eglan Younge
#70592053
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640


Respondent
Soumya Dayananda
U.S. Attorney's Office
EDNY
271 Cadman Plaza East
Brooklyn, NY 11201